536

In re HITE et al.

No. 16635.

District Court, W. D. Pennsylvania.

Nov. 9, 1932.

Harvey Morton Aronson, of Pittsburgh, Pa., for the receiver.

Watson B. Adair, of Pittsburgh, Pa., referee.

GIBSON, District Judge.

The receiver, upon appointment, filed his petition in this court for the appointment of an attorney, complying with General Order 44 (11 USCA § 53). The requisite affidavit of the person recommended for appointment was attached to the petition. The appointment was made, and the attorney served as counsel for the receiver. The latter was subsequently elected as trustee, but neglected, at that time, to file a petition for the appointment of counsel. However, the attorney who had served as counsel for the receiver continued as counsel for the trustee. The trustee, in his account, claimed compensation for his counsel. The referee refused this allowance, and later declined to make a

nunc pro tunc order appointing counsel, holding that he was prevented from doing so by General Order 44. This ruling of the referee has been certified to this court for review.

Although we are in accord with the general reasoning of the referee in his opinion, wherein he explains his reason for refusing the nunc pro tunc order and allowance of compensation, we are of opinion that his order in the instant matter is not demanded by General Order 44. It is the undoubted intent of that order that before an attorney can be appointed a proper showing must be made as to the necessity of the appointment, and the absence of disqualifying interests in the person suggested for appointment. Had the court not passed upon the necessity of counsel and the qualifications of the attorney proposed, by order approving appointment of the attorney for the receiver, we should feel compelled to agree with the position of the referee in holding that a nunc pro tunc order would not be permissible. But the petition and affidavit contemplated by the General Order having been made, and the necessity of counsel and the qualifications of the attorney suggested having been determined by the court, we feel that the essential requirements of the General Order have been met.

This case is to be distinguished from certain cases cited by the referee in his opinion. In Re Rogers Pyatt Shellac Co. (C. C. A.) 51 F.(2d) 988, the appointment of counsel had been secured through a defective affidavit, and the court held that the attorney could not properly have been appointed had the required affidavit been filed. In the present case no question is raised as to the propriety of the original appointment. The case of In re H. L. Stratton, Inc. (C. C. A.) 51 F.(2d) 984, presented about the same situation as the Shellac Company Case, last cited. In Re Eureka Upholstering Co., Inc. (C. C. A.) 48 F.(2d) 95, no order whatsoever had been made for the appointment of counsel.

Feeling that General Order 44, in so far as the underlying reasons for its existence have been met by the original petition and order, we are of opinion that we may properly make a nunc pro tunc order authorizing the employment of the attorney for the receiver as attorney for the trustee. Consequently, an order modifying the referee's finding will be made.