**Ralph E. BECKER, Special Attorney for the Trustee in Bankruptcy, Appellant,**

v.

**Ernest L. STEWART, Trustee in Bankruptcy for Indian Lake Estates, Inc., Bankrupt, Appellee.**

No. 25838.

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1968.

---

Ralph E. Becker, Washington, D. C., for appellant.

Don M. Stichter, Tampa, Fla., for appellee.

Before WISDOM, GODBOLD and SIMPSON, Circuit Judges.

PER CURIAM.

 The appellant, by settlement of a long and hotly contested law suit, recovered for the bankrupt estate the sum of $150,000. There had been a prior settlement with one party for $30,000, of which the Referee in Bankruptcy allowed appellant an attorney's fee of $10,000, or one-third. Mr. Becker petitioned for the allowance of $50,000 additional when the main suit was settled and the $150,000 was paid over. His application was not opposed, but the Referee awarded $35,000 which with the prior award of $10,000 amounted to $45,000, or one-fourth the total recovery of $180,000.

The Referee was affirmed by the district judge on petition for review and this appeal followed. We are not persuaded that the Referee abused his discretion and affirm.

The services of appellant were without dispute of high order and of value. They included two appeals to the Court of Appeals for the District of Columbia and successful resistance to an application for certiorari in the Supreme Court of the United States. In addition to the amount received in settlement he was successful on appeal in vacating a District of Columbia district court judgment against the bankrupt estate in the amount of $214,751.

 The parties are in agreement that to a major extent the time and effort devoted to this matter by the appellant occurred between 1960 and 1965, prior to bankruptcy and of course prior to his appointment as special attorney for the Trustee. Compensation for these services may not be included in the award from the estate. Beecher v. Leavenworth State Bank, 9 Cir.1950, 184 F.2d 498.

No abuse of discretion on the part of the Referee has been demonstrated. See Blanch v. Rankin, 5 Cir. 1961, 291 F.2d 217; 3 Collier, Bankruptcy Para. 62.12, pp. 1488-1489 (14th ed. 1964).

Affirmed.