TATE, Circuit Judge:
 

 This is an appeal from a bankruptcy court’s final judgment denying attorney’s fees. Jurisdiction of this appeal is asserted upon the basis of 28 U.S.C. § 1293(b) (1978).
 

 In what appears to be a case of first impression before this court, the narrow issue before us arises in the context of a requirement of bankruptcy statute and rule that no attorney shall be employed for a bankruptcy estate (here, a debtor in possession), except upon order by the court and upon compliance with certain procedural formalities. Here, an attorney for the debtor corporation continued to perform substantial services for his client after he filed a petition in bankruptcy court for the corporation’s reorganization under Chapter 11 of the Bankruptcy Code, whereupon the corporation thus became a “debtor in possession” under such Code. When the attorney filed a claim for his services, the bankruptcy judge held that he was not authorized to award fees in the absence of a prior order authorizing the employment of counsel in advance of employment; he also indicated that he could not allow a nunc pro tunc order of appointment, as that would
 
 *1282
 
 circumvent the object of the bankruptcy rule. In so holding, the bankruptcy court relied upon a jurisprudential rule principally established by decisions of the Second and Third Circuits and of numerous bankruptcy courts.
 

 The issue of first impression for this court is whether the bankruptcy court is bound by a per se rule not to allow compensation for attorney’s fees, however valuable they are to the debtor’s estate and its creditors, in the absence of a prior court authorization of the attorney’s employment, or whether, instead, the court has some discretion, upon proper showing and for good cause, to enter an order nunc pro tunc approving the employment of the attorney, as the court might routinely have done, had the court’s approval been properly sought
 
 prior
 
 to the performance of the valuable services by the attorney. For reasons to follow, we do not think a per se rule is mandated by the statute or the rules, and we prefer to adopt the rationale of those decisions, principally of the Seventh and Ninth Circuits, that would permit nunc pro tunc relief in exceptional circumstances, such as the present, under the bankruptcy court’s exercise of its powers as a court in equity. We therefore vacate the order and remand to the bankruptcy court for its exercise of its sound discretion (a) as to whether a nunc pro tunc order should be entered by it appointing the appellant as attorney for the debtor on possession relating back to the date of the filing of the petition and (b), if it determines to do so, as to whether the compensation sought should be allowed the attorney for all or part of the services.
 

 The Factual Context
 

 In the instant case, Fanelli, an attorney for debtor corporation (“Triangle”), filed a petition for its reorganization under Chapter 11 of the Bankruptcy Code of 1978. Triangle simultaneously filed an application to continue its operation of the business; this alleged, inter alia, that the debtor would obtain the services of an attorney to represent it as debtor in possession — however, no court approval was obtained nor other formality complied with at the time, because of the attorney’s misunderstanding of the law. Nevertheless, upon the court clerk’s certification that same day that the debtor was authorized to operate its business as debtor in possession, the attorney Fanelli continued to act as attorney for the debtor (in possession) for the next seven months. At that time, he then filed an application for the allowance of attorney’s fees, section 331 of the Code, 11 U.S.C. § 331, for the two hundred hours of work thus far performed, as well as for reimbursement of some sixteen hundred dollars out of pocket expenses incurred (filing fees, certified copies, deposition copies, etc.)
 

 Service of this application was made upon all creditors. According to the uncontra-dicted evidence at the hearing (at which, however, no opponent appeared), the attorney proved his itemized accounting of the services and expenses and showed that he had performed services that had preserved at least some five to six hundred thousand dollars for the estate of the debtor. (Triangle then had assets of $1,100,000 and liabilities of $1,800,000.) The record indicates Fanelli had engaged in numerous negotiations to reduce Triangle’s liabilities and to conserve its assets, and that he had made numerous court appearances on behalf of Triangle, some before the bankruptcy judge who subsequently disallowed any fee. The evidence also shows that none of the creditors at the time of the hearing objected to the allowance of the fee sought.
 

 At the conclusion of the hearing, the bankruptcy judge for the first time discovered that no order had been adopted appointing Fanelli as attorney for Triangle. The court noted sua sponte that there
 
 “must”
 
 be a court order of appointment before an attorney can be compensated and also held that it was without authority to enter a nunc pro tunc order. This appeal followed.
 

 Subsequent to the appeal, upon the failure of efforts to secure additional financing to permit implementation of the plan of reorganization proposed, the Chapter 11 reorganization proceeding was converted into
 
 *1283
 
 a Chapter 7 liquidation proceeding, and a trustee was appointed. The trustee appears before this court to argue, on behalf of the debtor’s estate (and thus also of the unpaid creditors) that, in the absence of prior court order authorizing the employment, the bankruptcy court had no discretion (a) either to order payment or, even, (b) to hold a hearing to determine whether the appointment would have been made upon proper showing at the time the attorney commenced (or continued) to perform his services for the debtor, in order to determine whether to enter a nunc pro tunc order of appointment that might then permit it to consider whether to approve payment of all or part of the $20,050 fee and the reimbursement of $1,605.97 out-of-pocket expenses sought by the attorney.
 

 The Applicable Provisions of Statute and Rule
 

 The present proceeding was instituted under the Bankruptcy Code of 1978, 11 U.S.C. §§ 101
 
 et seq.
 

 [1]
 

 The proceeding was filed as a petition for reorganization of Triangle under Chapter 11 of the Code, §§ 1101
 
 et seq.,
 
 11 U.S.C. §§ 1101
 
 et seq.
 

 The issue as to the allowance of the attorney’s fees stems principally from the provision of section 327(a) of the Code, 11 U.S.C. § 327(a), that
 

 the
 
 trustee with the court’s approval,
 
 may employ one or more attorneys ... that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee’s duties under this title. (Emphasis added.)
 
 [2]
 

 This provision had no precise counterpart under the former Bankruptcy Act (although its substance was contained in Bankruptcy Rules (see text
 
 infra)
 
 promulgated by the Supreme Court in connection with the administration of the Act).
 
 [3]
 

 In the present case, of course, the debtor in possession was not a
 
 “trustee”.
 
 In assuming that section 327 of the new Code did not statutorily require prior court approval for appointment of an attorney employed by
 
 other
 
 than the trustee, debt- or’s attorney Fanelli overlooked section 1107(a) of the new Code, 11 U.S.C. § 1107(a), which provides that a debtor in possession shall generally have the rights and perform the functions of a trustee but subject to the limitations of a trustee (which, although not referred to, include the power to employ an attorney only with
 
 *1284
 
 the Bankruptcy Court’s approval).
 
 [4]
 
 Thus, section 1107(a) places the debtor in possession in the shoes of a trustee in every way. 2 Collier on Bankruptcy, ¶ 327.05 (15th ed., 1982).
 

 However, whatever lack of clarity of the statute might have been perceived as to the obligation of a debtor in possession to obtain prior court approval for employment of an attorney to represent him in Chapter 11 reorganization proceedings, the rules of bankruptcy procedure adopted by the Supreme Court make plain such obligation. The Interim Bankruptcy Rules, as amended September 27, 1979, provide that an order approving the employment of an attorney shall be made only on application of the trustee stating certain specific facts with regard to the necessity of the appointment and the person’s connections with the debtors, creditors, or any other party in interest, Interim Bankruptcy Rule 2006
 
 [5]
 
 ; while “trustee” as used in these interim rules is defined to include a debtor in possession, Interim Bankruptcy Rule 1001(b).
 
 [6]
 

 Under both the Bankruptcy Code and the applicable rules of bankruptcy procedure prescribed by the Supreme Court, therefore, it is plain that the present debtor in possession was not authorized to employ an attorney without the approval of the bankruptcy court. Nevertheless, while the rules contemplate court approval
 
 prior
 
 to attorney’s employment, they do not in .terms or necessary implication prohibit the court in its discretion from granting its approval, nunc pro tunc, at a date
 
 subsequent
 
 to the employment and after the services are rendered, providing that the required showing is made
 
 (see
 
 section 327 of the Code, note 2
 
 supra,
 
 and Interim Rule 2006, note 5,
 
 supra)
 
 warranting the approval. Undoubtedly, strong reasons against circumventing the rule’s requirement exist for not exercising this discretion. The issue before us, however, is whether the bankruptcy judge may
 
 never,
 
 under
 
 any
 
 circumstances, however exceptional or however valuable the services of the attorney have been to the debtor’s estate, exercise any discretion whatsoever to approve, nunc pro
 
 *1285
 
 tunc, the employment of the attorney by the debtor in possession
 
 after
 
 the attorney has actually rendered the valuable services.
 

 Jurisprudential Applications of the Rule Requiring Prior Court Approval
 

 A leading treatise summarizes as follows the jurisprudential principles that have evolved in the application of the requirement that an attorney’s employment by a trustee or debtor in possession must be approved by the bankruptcy judge:
 

 When there is no compliance with the Code or rules, there is no right to compensation. The services for which compensation is required must have been performed pursuant to appropriate authority under the Code and in accordance with an order of the court. Otherwise, the person rendering services may be an officious intermeddler or a gratuitous volunteer. Thus an attorney who acts for a trustee or on behalf of a trustee without approval by the court will be denied any compensation even though valuable services were rendered in good faith. Normally, in the absence of an order of retention, the applicant must look to its own client for compensation. Under certain circumstances, however, courts have permitted the use of
 
 nunc pro tunc
 
 orders to validate a previous failure to obtain the requisite court approval and obviate an oversight which would otherwise result in unfair and inequitable consequences. Such cases are rare and the practice is subject to question. [Footnote cites Second Circuit
 
 Rogers-Pyatt
 
 decision, cited
 
 infra.]
 

 2
 
 Collier on Bankruptcy, ¶ 327.92 at pp. 327-5 through 7. The text, by footnote to “nunc pro tunc” (in Latin, literally “non for them”), quotes a dictionary definition that states the term is “a phrase applied to acts done after the time when they should be done, with a retroactive effect,
 
 i.e.,
 
 with the same effect as if regularly done.”
 

 (a)
 
 Decisions Indicating an Inflexible Per Se Rule
 

 Among the leading decisions relied upon in favor of an inflexible per se rule — no valid prior court approval of employment upon proper showing, no compensation allowable — are:
 
 Second Circuit: In re Progress Lektro Shave Corp.,
 
 117 F.2d 602 (2d Cir.1941);
 
 In re Rogers-Pyatt Shellac Co.,
 
 51 F.2d 988 (2d Cir.1931);
 
 In re H.L. Stratton, Inc.,
 
 51 F.2d 984 (2d Cir.1931)
 
 cert. denied,
 
 284 U.S. 682, 52 S.Ct. 199, 76 L.Ed. 576 (1932);
 
 In re Eureka Upholstering Co.,
 
 48 F.2d 95 (2d Cir.1931);
 
 Third Circuit: In re Calpa Products Company,
 
 411 F.2d 1373 (3d Cir.1969);
 
 In re Hydrocarbon Chemicals Inc.,
 
 411 F.2d 203 (3d Cir.1969)
 
 cert. denied,
 
 396 U.S. 823, 90 S.Ct. 66, 24 L.Ed.2d 74 (1969);
 
 In re National Tool & Mfg. Co.,
 
 209 F.2d 256, 257 (3d Cir.1954);
 
 In re Robertson,
 
 4 F.2d 248 (3d Cir.1925);
 
 Sixth Circuit: Gochenour v. Cleveland Terminals Bldg. Co.,
 
 142 F.2d 991 (6th Cir.1944)
 
 cert. denied,
 
 323 U.S. 767, 65 S.Ct. 120, 89 L.Ed. 614 (1944);
 
 Eighth Circuit: Albers v. Dickinson,
 
 127 F.2d 957 (8th Cir.1942).
 
 [7]
 

 The reasons for this inflexible rule was first enunciated in an opinion authored by Judge Learned Hand:
 

 [The rule requiring court approval of the attorney’s employment only upon showing of no adverse interest and that the employment is in the best interests of the debtor’s estate was adopted] to control serious abuses and [is] to be strictly observed; without an order of court upon full presentation of the relation of the proposed attorney with all other interests involved, not only may he not be retained,
 
 *1286
 
 but he can recover nothing, no matter how beneficial or how arduous, his services.
 

 In re Eureka Upholstering Co., supra,
 
 48 F.2d at 95.
 

 Or, as stated more recently:
 

 “Where there is no compliance with the code or rules, there is no right to compensation.” [Citations omitted.] Admittedly, this is a harsh rule, but one that is necessary to ensure that the court has control over disbursements from the estate. [Citation omitted.] This rule has been steadfastly applied even where the services rendered in some way benefited the debtor’s estate. [Citations omitted.]
 

 In re Rene Press, Inc.,
 
 23 B.R. 381, 383 (Bkrptcy.D.Mass.1982).
 

 It is fair to note, as the appellant attorney argues, that in most of these decisions some additional reason for disallowing payment of fees is shown absent the mere failure to secure a prior order, a reason that would have precluded proper issuance of the order authorizing the employment. It is equally fair to note, however, that the thrust of the per se holdings is that the absence of the prior order in itself, for reasons of policy and to assure proper management of the debtor’s estate, is sufficient reason to justify denying any compensation to an unauthorized attorney.
 

 However, with regard to a nunc pro tunc order upon proper showing, only two of the decisions cited in the text or note 7,
 
 supra,
 
 touch upon this issue. In
 
 In re H.L. Stratton, Inc., supra,
 
 51 F.2d at 992, the Second Circuit stated:
 

 Nor is there merit in the contention that the appointment should now be authorized nunc pro tunc. The only argument in favor of a nunc pro tunc order is that of hardship. But the hardship is of the appellants’ own making. The rule is clear, and they are charged with knowledge of it. To give heed to the argument of hardship in such circumstances would nullify the requirement that the affidavit be filed before the appointment is made.
 

 We also note that, as the immediately succeeding language indicates, the statement may have had reference to the propriety of entering a nunc pro tunc order under the particular facts then before the court, rather than indicating a blanket denial of the propriety of such an order under all circumstances whatsoever.
 
 [8]
 

 The other decision concluded that the bankruptcy court was “without power” to issue a nunc pro tunc order.
 
 In re Mork,
 
 19 B.R. 947, 949 (Bkrptcy.D.Minn.1982). The court stated that the purpose of such order is only “to record a prior but unrecorded act of the court so that the record will truly show the action really had but not truly recorded through mistake or inadvertence.”
 
 Id.
 
 The court emphasized its view that such an order is only “designed to make the record speak the truth and it does not indicate the existence of the power to enter an order to record that which was omitted to be done.”
 
 Id.
 

 (b)
 
 Decisions Indicating a More Flexible Approach
 

 Nevertheless, a contrary line of decisions holds that the bankruptcy statute or rules do not prohibit issuance of a nunc pro tunc order of appointment, under proper circumstances and appropriate showing, where the
 
 *1287
 
 sole ground urged for denial of compensation to an attorney who actually performed services of value to the debtor’s estate is that the trustee or debtor in possession neglected to secure prior court approval of the employment of such attorney.
 
 Matter of Laurent Watch Co.,
 
 539 F.2d 1231 (9th Cir.1976);
 
 In re King Electric Co.,
 
 19 B.R. 660 (Bkrptcy.E.D.Va.1982);
 
 In re Allen,
 
 8 B.R. 221 (Bkrptcy.Ct.N.D.Ga.1981);
 
 In re Hite,
 
 2 F.Supp. 536 (W.D.Penn.1932).
 
 [9]
 

 To similar effect, in
 
 Stolkin v. Nachman,
 
 472 F.2d 222 (7th Cir.1973), the Seventh Circuit affirmed a court-approved award of attorney’s fees to the attorney for the debt- or in possession; as in the present instance, the attorney had filed a bankruptcy proceeding (in that case, a Chapter XI arrangement) for the debtor in possession without securing an order approving his employment, but had continued to perform valuable services for the debtor. In rejecting the contention that no nunc pro tunc order was permissible under the rules of bankruptcy procedure, the Seventh Circuit stated
 

 If we were to take the position that [the attorney] was blocked from any claim for compensation for his services in these far from easy proceedings, we would have a formalistic but meaningless adherence to the [bankruptcy rule requiring court approval of the attorney’s employment only after proper showing] and would be ignoring the words of the Supreme Court in
 
 Bank of Marin v. England,
 
 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966):
 

 “Yet we do not read these statutory words [of the Bankruptcy Act] with the ease of a computer. There is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction.”
 

 472 F.2d at 227.
 

 As in the present case, in
 
 Stolkin
 
 the showing requisite to approval of employment (no adverse interest, in best interest of the debtor, etc., see notes 2 and 5
 
 supra)
 
 was not placed before the court at the time the employment commenced for the debtor in possession. The appellate court nevertheless approved the fees ordered paid to the attorney, noting that the record of subsequent events showed that these requisites were met. 472 F.2d at 226. (In the present instance, of course, the attorney Fanelli was not afforded an opportunity to make such showing, because of the bankruptcy court’s inflexible application of a per se rule — no prior court approval, no compensation.)
 

 In the present case, the trial court here conceived it had no discretion whatsoever to enter a nunc pro tunc order authorizing Fanelli’s employment as attorney for the debtor in possession. It did not reach the issue of whether Fanelli otherwise met the requirements for the allowance of attorney’s fees. The sole issue before us is thus, not whether Fanelli may in fact be entitled to any compensation, but whether the bankruptcy judge had discretion to enter a nunc pro tunc order approving Fanelli’s employment as attorney for the debtor in possession in order at least to consider whether, under the circumstances and upon proper showing, Fanelli might be allowed some or all the compensation sought.
 

 Under circumstances quite similar to those reflected (thus far) by the present
 
 *1288
 
 record, on appeal from the bankruptcy court, a district court reversed the bankruptcy court’s determination that it was without discretion to enter a nunc pro tunc order of approval of the employment of an attorney; as here, the attorney filed a Chapter 11 reorganization proceeding for his client under the new Code, which indicated that he would be counsel for the debtor in possession.
 
 In re King Electric Co., supra,
 
 19 B.R. at 660. The attorney did not file a formal petition for approval of the employment until seven months later, at which time the bankruptcy judge disallowed compensation for services performed prior to that time, although he did authorize the attorney’s employment to continue to represent the debtor in possession. Noting that the purpose of the rule requiring court approval is not subverted when, subsequent to the services, adequate showing is made to justify the nunc pro tunc approval of the attorney’s employment, the district court stated:
 

 A review of the case law supports appellant’s argument that a nunc pro tunc order is not forbidden under the facts here presented. The Supreme Court has recognized the “overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction.”
 
 Marin v. Bank of England,
 
 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966). The bankruptcy judge gave no reason for the denial of the order. Neither the Creditors’ Committee nor the Trustee has shown any prejudice that would result from entry of the order. Indeed, no reason for withholding equity has been advanced by anyone other than that the application was not timely. Additionally, because the Bankruptcy Court has full control over the allowance of fees, there is here no chance of overreaching through unnecessary or improper activity of counsel either before or after formal employment. Considering these factors, especially the failure to disclose any reason therefor, the Court holds that the refusal to enter the order nunc pro tunc was an abuse of discretion.
 

 19 B.R. at 663.
 

 Nunc Pro Tunc Order Permissible Under Equity Powers
 

 For reasons similar to those immediately above quoted from
 
 In re King,
 
 we will vacate the order of the bankruptcy judge herein.
 

 So far as we can ascertain, the issue of the propriety of a nunc pro tunc order has never arisen in this circuit.
 
 [10]
 
 However, a bankruptcy court exercises powers of a court of equity, 28 U.S.C. § 1481 (1978), and equitable principles govern the exercise of its jurisdiction.
 
 Bank of Marin v. England,
 
 388 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966); 1 Collier on Bankruptcy, ¶ 3.01[5][b][ii] (15th ed. 1982).
 

 A familiar principle of equity, utilized by the Supreme Court in rejecting an attempt (founded on arguments generically similar to those now before us) to restrict the admiralty court’s equitable allowance of wharfage expenses of a vessel under custodial seizure, is that services or property furnished “for the common benefit of those interested in the fund should be paid from the fund”, and that “an expense which it [the court] has permitted for the common benefit ..., in equity and good conscience, should be satisfied” before the claims of the
 
 *1289
 
 pre-existing creditors are satisfied.
 
 New York Dock Company v. Poznan,
 
 274 U.S. 117, 121, 122, 47 S.Ct. 482, 484, 71 L.Ed. 955 (1927). (For a recent illustration of such equitable allowance in admiralty, in the absence of prior court order authorizing incurment of such expenses, see
 
 General Electric Credit & Leasing Corporation v. Drill Ship Mission Exploration,
 
 668 F.2d 811, 815-16 (5th Cir.1982).)
 

 We thus find that neither bankruptcy statute nor rule preclude the bankruptcy judge in the exercise of its sound discretion, and as a court of equity administering equitable principles, from entering an order nunc pro tunc authorizing the employment of an attorney for the debtor in possession, even after the attorney (who
 
 should
 
 have secured prior approval for his retainer) has performed valuable services for the debtor’s estate that have increased the common funds available for distribution to the creditors.
 

 In so holding, we decide only the narrow issue that a bankruptcy judge
 
 does
 
 have this discretion, rejecting the present trier’s determination that as a matter of law he could never exercise such discretionary power. We do not intend to intimate whether, on remand, he should or should not exercise that discretion. Further, the bankruptcy statute and rules require court approval for employment of an attorney for the debtor’s estate and contemplate that such approval will be required in advance of such employment and only after the showing now required by statute (see note 2
 
 supra).
 
 While equitable powers may permit nunc pro tunc appointment in rare or exceptional circumstances, we do not intend by our holding to encourage any general nonobservance of the contemplated preemployment court approval. We only hold that, where through oversight the attorney has neglected to obtain such prior approval but has continued to perform services for the debtor /debtor in possession (many of them as here under the eye of the court itself), the bankruptcy court retains equitable power in the exercise of its sound discretion, under exceptional circumstances, to grant such approval nunc pro tunc, upon proper showing, and to award compensation for all or part of the services performed by such attorney that have subsequently benefited the debtor’s estate and, consequently, its creditors.
 

 On the Remand
 

 In anticipation of some issues that may arise on the remand, some further observations may be appropriate.
 

 A feature common to some of the decisions that have allowed nunc pro tunc relief is that an attorney for the debtor continues to perform services for the debtor in possession after institution of bankruptcy proceedings. Independent of the requirement under section 327,
 
 supra,
 
 that a court approve the employment of an attorney by the trustee (debtor in possession also, as we have seen), the Bankruptcy Code in addition authorizes the bankruptcy court to approve reasonable compensation to a non-court-approved attorney retained by the debtor to represent him in connection with the bankruptcy proceedings. Section 329, 11 U.S.C. § 329.
 
 [11]
 
 The distinction between the types of services performed respectively by the attorney for the debtor and the attorney for the debtor in possession, at least in a (former) Chapter XI arrangement proceedings, is referred to in
 
 In re Designaire Modular Home Corporation,
 
 517 F.2d 1015, 1017-19 (3rd Cir.1975), in allowing compensation for an attorney for a debtor after Chapter XI proceedings were filed, who was not approved by the bankruptcy court.
 

 Partly because of the confusion between the two roles, the Sixth Circuit (normally following a per se rule, see above) allowed an attorney for the debtor to receive compensation for his services, even though the attorney’s employment had not been approved by the bankruptcy court and even though that court had separately approved
 
 *1290
 
 the employment of another attorney for the debtor in possession.
 
 Cle-Ware Industries, Inc. v. Sokolsky,
 
 493 F.2d 863, 869-72 (6th Cir.1974). The Sixth Circuit disapproved the practice for the future, however, stating that it “strongly disapprove^] the practice of appointing separate counsel for the debt- or in possession and at the same time compensating another attorney at the expense of the bankrupt estate in his capacity as counsel for the debtor for services rendered after the filing of a petition for a plan of arrangement.” 493 F.2d at 871. One basis for its allowance in this instance was the confusion as to the applicable law at the time the attorney for the debtor rendered his services after the petition was filed.
 

 Somewhat similarly to the situation in
 
 Cle-Ware, supra,
 
 a basis here exists that may allow the bankruptcy court to allow the attorney Fanelli some compensation for his services performed as the attorney for the debtor itself.
 

 We must first note, however, that under the Bankruptcy Code of 1978 any distinction between the attorney for the “debtor” and the attorney for the “debtor in possession” may not be tenable in a Chapter 11 proceeding under this new Code. Section 1101(1) of the Code, 11 U.S.C. § 1101(1), of Chapter 11 defines a “debtor in possession” as including the “debtor” for purposes of that chapter.
 
 [12]
 
 The provisions regulating the conduct and powers of a “debtor in possession” (where no trustee has been appointed) — including the requirement for court approval of the employment of an attorney — thus seem to apply to a “debtor”, once he files a petition for reorganization under the Chapter 11 of the new Code, sections 1101
 
 et seq.,
 
 11 U.S.C. §§ 1101
 
 et seq.
 

 Nevertheless, the matter was not entirely free from doubt at the time the present attorney filed the Chapter 11 reorganization proceedings on behalf of his client, (incorrectly) assuming he needed no prior court approval to continue to serve as attorney for the debtor itself. Section 405(d) of the statute enacting the Bankruptcy Code, Pub.L. 95-598, provided that the then-existing Rules of Bankruptcy Procedure, if not inconsistent with the new Code, are to remain effective until repealed or superseded by new rules. In the Interim Bankruptcy Rules prescribed September 27, 1979, Rule 1001(a)(5) provided that the rules of the former “Chapter VIII, X, XI, or XII case” would be read as if they intended to refer to a case under the new “chapter 11”; such as is the present. Among the former rules made applicable to proceedings under the new chapter 11 was a rule for former Chapter XI: Rule 11-31 provides, in part: “Reasonable compensation for services beneficial to the estate and reimbursement of necessary expenses may be allowed to the attorney for the debtor
 
 and
 
 debtor in possession whether or not a plan is confirmed.”
 
 In re Designaire Modular Home Corporation, supra,
 
 517 F.2d at 1016-18.
 

 As we view it, this rule is inconsistent with the probable intent of section 1101(1),
 
 supra,
 
 that in a chapter 11 reorganization proceeding there is no distinction between the “debtor” and the “debtor in possession” (where no trustee is appointed) with regard to acts or transactions performed on its behalf subsequent to the filing of the reorganization petition. Nevertheless, with regard to the more limited question before the court as to the equitable exercise of nunc pro tunc powers, the previous lack of certainty as to the application of these rules under the provisions of the new code may well weigh in favor of the bankruptcy court’s exercise of its sound discretion to enter such an order and to allow compensation. As in
 
 Cle-Ware, supra,
 
 until this decision the question was somewhat uncertain and not dispositively decided so as to foreclose similar uncertainty in the future.
 

 
 *1291
 
 On the other hand, it is fair to note that the attorney Fanelli, apparently completely unaware of the requirement, made no effort to file a statement showing absence of adverse interest, see section 327(a) of the Code, 11 U.S.C. § 327(a) and former Rule 215 (see note 2
 
 supra);
 
 instead, he filed a “rule 219” disclosure statement, which only partially discloses the particulars required by Interim Rule 2006 (see note 5
 
 supra).
 
 Additionally, even this disclosure statement indicates that Fanelli, a solo practitioner, intended to share the compensation to be received with another practitioner. The new Code, section 504, 11 U.S.C. § 504, prohibits an attorney from agreeing to share compensation allowed him for his services to the debtor’s estate. Rule 219(d) would apparently permit such sharing where the other attorney contributes his services; this may be inconsistent with the Code’s new provision.
 
 See
 
 3 Collier on Bankruptcy, ¶ 504.01 (15th ed. 1982). We need not intimate at this time the appropriate sanction, if indeed a statutory violation has occurred.
 

 Conclusion
 

 For the reasons stated, we VACATE the bankruptcy court’s denial of compensation to the attorney, as based upon the trial court’s perception that it had no discretion at law to enter a nunc pro tunc order retroactively approving the employment of the attorney to represent the debtor in possession. We REMAND to the bankruptcy court, for it to determine in the exercise of its sound discretion (if appropriate showing is made as required by section 327(a) of the Code, 11 U.S.C. § 327(a) and Interim Rule 2006) whether to enter such an order and, if it does so determine, to award such compensation as within its sound discretion it deems appropriate.
 

 VACATED AND REMANDED.
 

 [1]
 

 . Pub.L. 95-598, Title I, § 101
 
 et seq.,
 
 Nov. 6, 1978, 92 Stat. 2549. The code codified and enacted the law relating to bankruptcy as new Title 11, entitled “Bankruptcy”. Section 401(a) repealed the Bankruptcy Act of July 1, 1898, c. 541, 30 stat. 544, which comprised former Title 11.
 

 The former Bankruptcy Act of 1898, as amended (in important respects by the Chandler Act of 1938), will be referred to hereinafter as the “Bankruptcy Act” as distinguished from the 1978 “Bankruptcy Code”, with reference to “former” 11 U.S.C. section designations of the former Act. The Bankruptcy Code’s provisions at issue in the present appeal became effective on October 1, 1979. Section 402(a). The present petition for reorganization under Chapter 11 of the Code, §§ 1101
 
 et seq.,
 
 11 U.S.C. §§ 1101
 
 et seq.,
 
 was filed on June 30, 1980. Some of counsel’s confusion as to applicable provisions seems to have arisen from unfamiliarity with the provisions of the newly enacted Code.
 

 [2]
 

 . Section 327 (“Employment of professional persons”) pertinently provides:
 

 (a) Except as otherwise provided in this section, the trustee, with the court’s approval may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee’s duties under this title.
 

 * * * * * *
 

 (e) The trustee, with the court’s approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.
 

 [3]
 

 .For instance, section 44(c) of the Act, former 11 U.S.C. § 72(c), provided only that “[a]n attorney shall not be disqualified to act as attorney for a receiver or trustee merely by reason of his representation of a general creditor.”
 

 [4]
 

 . Section 1107 of the Code, 11 U.S.C. § 1107(a) (“Rights, powers, duties of a debtor in possession”) provides:
 

 (a) Subject to any limitations on a trustee under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.
 

 [5]
 

 . Interim Bankruptcy Rule 2006 (“Employment of professional persons”) provides in full:
 

 An order approving the employment of attorney, accountants, appraisers, auctioneers, agents, or other professional persons pursuant to § 327 or § 1103 of the Bankruptcy Code shall be made only on application of the trustee or committee, stating the specific facts showing the necessity for such employment, the name of the person to be employed, the reasons for his selection, the professional services to be rendered, and to the best of the applicant’s knowledge all of such person’s connections with the debtor, the creditors, or any other party in interest, and their respective attorneys and accountants.
 

 [6]
 

 . We also note that the rule requiring court approval of a trustee or debtor in possession to employ an attorney is simply a restatement of requirements of the former Rules of Bankruptcy Procedure, prescribed by the Supreme Court in 1973 in accordance with its rule-making authority as recognized by 28 U.S.C. § 2075. See Rule 215, Chapter XI Rule 11-22 (specifically made applicable to Chapter 11 proceedings of the new Code by Interim Rule of Bankruptcy Procedure 1001(a)(5). Section 405(d) of the legislation enacting the 1978 Bankruptcy Code, cited note 1
 
 supra,
 
 provided that those Rules of Bankruptcy Procedure, insofar as not inconsistent with the new Code, were to remain effective until “repealed or superseded” by new rules. It is also to be observed that the pre-1973 bankruptcy rules prescribed by the Supreme Court likewise provided to similar effect. See General Order 44, as re-entered January 16, 1939, General Orders and Forms in Bankruptcy Amended and Established by the Supreme Court, 59 S.Ct. clxxvii at clxxxv: “No attorney for a receiver, trustee or debtor in possession shall be appointed except upon the order of the court....”
 

 Section 188 of the former Bankruptcy Act, former 11 U.S.C. § 588 (“Debtor in possession: Title, rights, duties, and powers”), also provided that a debtor in possession would be vested with the rights and powers and “subject to all the duties” of a trustee.
 

 [7]
 

 . In addition, various lower court decisions have denied compensation to unauthorized counsel who performed services for a debtor in possession. They include:
 
 In re Thibodeau,
 
 20 B.R. 107 (Bkrptcy.D.Me.1982);
 
 In re Byman Furniture & Interiors, Inc.,
 
 14 B.R. 230 (Bkrptcy.S.D.Tex.1981). Lower court cases denying compensation to non-lawyer professional persons working without prior court approval include:
 
 In re Rene Press, Inc.,
 
 23 B.R. 381 (Bkrptcy.D.Mass.1982) (accountant);
 
 In re Morton Shoe Companies, Inc.,
 
 22 B.R. 449 (Bkrptcy.D.Mass.1982) (accountant and financial expert);
 
 In re Mork,
 
 19 B.R. 947 (D.Minn.1982) (accountant);
 
 In re Fiberglass Specialty Co.,
 
 12 B.R. 119 (Bkrptcy.D.Minn.1981) (professional “examiner”);
 
 In re Cummins,
 
 8 B.R. 701 (C.D.Ca.1981) (real estate broker);
 
 Matter of Hucknall Agency, Inc.,
 
 1 B.R. 125 (Bkrptcy.W.D.N.Y.1979) (accountant.)
 

 [8]
 

 . The language immediately succeeding the statement in text from
 
 Stratton
 
 is:
 

 One reason for that requirement is obviously to allow the court to consider the grounds advanced for selecting counsel presumptively disqualified by representation of the petitioning creditors, unaffected by the emotional pressure which inevitably arises in their favor after the services have been rendered. Attorneys who seek appointment as counsel for an officer of the court owe the duty of complete disclosure of all facts bearing upon their eligibility for such appointment. If that duty is neglected, however innocently, surely they should stand no better than if it had been performed. In the present case, had the facts been disclosed, the appellants would not have been appointed counsel for the receiver. If the rule is to have vitality and the evils against which it is aimed are to be eliminated, it should be enforced literally.
 
 Impliedly it forbids
 
 a
 
 nunc pro tunc order to validate for purposes of compensation an appointment which could not properly have been made had the required affidavit been filed.
 
 51 F.2d at 992 (Emphasis added).
 

 [9]
 

 . We should note that the attorney’s stance in the present case is somewhat weaker than in some of the cited cases. In
 
 Laurent Watch,
 
 although no prior order authorizing the employment had been entered, the bankruptcy judge had made the determinations required by the bankruptcy rule (no adverse interest, etc.) before the attorney performed the services. In
 
 Hite,
 
 the attorney had earlier been appointed as attorney for the receiver upon proper showing, but neglected to secure a new order authorizing continued employment when the receiver was elected and qualified as trustee. In
 
 Stolkin,
 
 cited in the next paragraph of the text of the opinion, the issue was not raised until on appeal, and the creditors had in fact all been paid; the reliance on the technicality of non-approval was an attempt by the debtor himself to avoid payment of attorney’s fees resulting from a successful (former) Chapter XI arrangement.
 

 Nevertheless, the core principle decided in these cases that is applicable to the narrow issue before us concerns the power of the bankruptcy court in its discretion to enter a nunc pro tunc order approving the attorney’s prior employment subsequent to the time he performs his valuable services for the debtor’s estate.
 

 [10]
 

 . The issue as to non-allowance of an attorney’s fee in absence of court approval did arise in
 
 In the Matter of Computer Utilization, Inc.,
 
 508 F.2d 673 (5th Cir.1975) and in
 
 Becker v. Stewart,
 
 402 F.2d 500 (5th Cir.1968). In both of these instances, an attorney had been employed by the debtor with regard to specific matters
 
 (Computer Utilization,
 
 collection work;
 
 Becker,
 
 a contested lawsuit) at a time before the debtor filed bankruptcy proceedings. The attorneys sought compensation for some services performed with regard to these specific retainers; insofar as they claimed compensation for services of a relatively minor nature subsequent to the bankruptcy filing, the court disallowed them by brief reference to the non-approval of the appointment. Neither of these attorneys performed services as attorney for the bankruptcy estate itself (rather they continued in representation with regard to specific matters in accordance with the pre-bankruptcy retainer), and the issues before the court in those cases did not implicate those before us now.
 

 [11]
 

 . The former Bankruptcy Act contained a sim- § 96(d). ilar provision, section 60(d), former 11 U.S.C.
 

 [12]
 

 . Section 1101 (“definitions for this chapter”) provides:
 

 In this chapter
 

 (1) “debtor in possession” means debtor except when a person that has qualified under section 322 of this title is serving as trustee in the case;
 

 Sfc ifc Sfc S}{ ‡