**In the Matter of Hector L. URRUTIA a/k/a Hector L. Urrutia Ortiz.**

**Appeal of José R. OTERO, Otero Suro & Otero Suro.**

**Civ. No. 88–1835 (JAF).**
**Bankruptcy No. 74–170 (SEK).**

United States District Court,
D. Puerto Rico.

May 15, 1990.

José R. Otero, Otero Suro & Otero Suro, San Juan, P.R., pro se.

Sebastián Infanzón Mitchell, San Juan, P.R., for appellee.

## OPINION AND ORDER

FUSTE, District Judge.

This bankruptcy appeal has been filed by José R. Otero, on behalf of the law firm Otero Suro & Otero Suro, challenging the decision of the bankruptcy judge that 1) the firm was not entitled to reimbursement for expenses incurred while representing a debtor in Chapter 7 liquidation proceedings because it was not officially appointed by the Court, and 2) that the firm had to return the $700 retainer fee already provided by the debtor. Docket Document No. 1. Appellant Otero contends that the bankruptcy judge incorrectly relied on certain

bankruptcy provisions in concluding that attorneys must be court appointed in order to obtain reimbursement for expenses. We AFFIRM the decision of the bankruptcy court.

Appellant was retained by debtor in 1974. The applicable law at that time was the Bankruptcy Act of 1938, Section 157, Rule 215 and Rule 206. The parallel provisions currently in effect are 11 U.S.C. Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) (Bankruptcy Reform Act of 1978). Appellant Otero argues that at the time the firm represented the debtor, *and* under the current provisions, court appointment of attorneys is neither required nor customary and that the bankruptcy judge incorrectly stated the law.

Appellant Otero quarrels with the language of the bankruptcy provisions explaining that the cited sections obligate only the *trustee* to have an attorney appointed by the court.[1] Appellant maintains that debtors-in-possession or bankrupts[2]

1. Section 157 of The Bankruptcy Act of 1938:

 Sec. 157. An attorney appointed to represent a trustee under this chapter shall also be a disinterested person: Provided, however, That for any specified purposes other than to represent a trustee in conducting the proceeding under this chapter the trustee may, with the approval of the judge, employ an attorney who is not disinterested.

 Rule 215 of the Bankruptcy Act of 1938:

 a. Conditions of Employment of Attorneys and Accountants. No attorney or accountant for the trustee or receiver shall be employed except upon order of the court....

 11 U.S.C. Section 327, Reform Act of 1978

 Sec. 327. Employment of professional persons.

 (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

 Rule 2014, Reform Act of 1978

 Rule 2014. Employment of Professional Persons.

 (a) Application for and Order of Employment. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to Section 327 of Section 1103 of the Code

 shall be made only on application of the trustee or committee, stating the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants.

 Advisory Committee Note (1983): Subdivision (a) is adapted from the second sentence of former Bankruptcy Rule 215(a). The remainder of that rule is covered by Section 327 of the Code.

2. Under the Bankruptcy Act of 1938 a person proceeding in a straight bankruptcy liquidation case was called the "bankrupt", and a person or municipality that is proceeding under a debtor rehabilitation chapter (chapters VIII through XIII of the Bankruptcy Act) a "debtor". However, under the Reform Act of 1978 the general term debtor is used for both kinds of cases. 11 U.S.C. § 101(12), House and Senate Report Comments (H.R.Rep. No. 595, 95th Cong, 1st Sess. 310 (1977); S.Rep. No. 989, 95th Cong, 2d Sess. 23 (1978)), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5809, 6267.

are not included in the mandate. However, case law referring to these sections indicates otherwise. The same argument was made in the leading case on the issue, *Matter of Triangle Chemicals, Inc.*, 697 F.2d 1280 (5th Cir.1983). In that case the appellant assumed that Section 327 of new Code did not statutorily require prior court approval for appointment of an attorney by *other* than the trustee. The Court quickly pointed out that the attorney had overlooked section 1107(a) of the new Code which provides that a debtor in possession shall generally have the rights and perform the functions of a trustee but subject to the limitations of a trustee (which includes that power to employ an attorney only after approval by the Bankruptcy Court). *Id.* at 1283. The Court, therefore, concluded that section 1107(a) places the debtor in the shoes of the trustee in every way. *Id.*

In addition, the Court explained that even if this section of the newly enacted Code were ambiguous, that the Bankruptcy Rules clearly indicated the necessity for appointment: the Interim Bankruptcy Rules provided that an order approving the employment of an attorney shall be made only on application of the trustee stating certain specific facts; "trustee" as used in these interim rules is defined to include a debtor in possession. Interim Bankruptcy Rule 2006 and 1001(b).[3] *Id.* at 1284. There is no doubt, then, that the new Code, enacted pursuant to the Bankruptcy Reform Act of 1978, requires court approval of attorney representation of debtors.

We realize that the current case is governed by the provisions of the Bankruptcy Act of 1938 and not the current Code. However, the new provisions merely incorporated the principles of the earlier Act; thus modern interpretation of the language is applicable to provisions of the earlier Act as well. For example, Section 327 of the new Code and Rule 2014 of bankruptcy procedure are adapted directly from Bankruptcy Rule 215(a) of the 1938 Act. *See* footnote 1, *supra*. Similarly, the former Bankruptcy Act had Section 188 ("Debtor

in possession; Title, rights, duties and powers") which corresponds directly to Interim Rule 2006, providing that a debtor in possession would be vested with the rights and powers and "subject to all the duties" of a trustee. *Triangle*, 697 F.2d at 1284, n. 6. We conclude, therefore, that the bankruptcy judge was correct in determining that the provisions of the Bankruptcy Act of 1938 likewise required court appointment of attorneys before they could claim attorney's fees. Consequently, we AFFIRM her decision to deny compensation to appellant Otero and to require the firm to return the funds deposited as a retainer fee. *See also id.* at 1285, n. 7 (listing various lower court decisions denying compensation to unauthorized counsel who performed services for a debtor in possession).

IT IS SO ORDERED.

---

**3.** Section 405(d) of the legislation enacting the 1978 Bankruptcy Code provided that those Rules of Bankruptcy Procedure, as long as they were consistent with the new Code, were to remain effective until "repealed or superseded" by new rules. *Triangle*, 697 F.2d at 1285 n. 6.