**In re HYDRO SERVICES, INC., Debtor.**

**No. 99–51410.**

United States Bankruptcy Court, E.D. Texas, Texarkana Division.

Aug. 3, 2001.

Lisa Lambert, Tyler, TX, for U.S. Trustee.

Scott C. Tankersley, Locke, Liddell & Sapp, L.L.P., Dallas, TX, for Official Committee of Unsecured Creditors.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

Now before the Court for consideration is the Application For Approval of Nunc Pro Tunc Employment Of Locke Liddell & Sapp, L.L.P., as Attorneys For The Official Committee Of Unsecured Creditors ("Application") filed by Locke Liddell & Sapp, LLP ("LLS"). This opinion constitutes the Court's findings of fact and conclusions of law required by Fed.R.Bankr. Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

Following the filing of Debtor's voluntary petition under Chapter 11 of Title 11, the United States Trustee appointed an official committee of unsecured creditors in the case (the "Committee"). LLS filed its Application on behalf of the Committee seeking approval of its appointment as counsel for the Committee. The Application which was filed September 16, 1999, sought nunc pro tunc approval of such employment retroactive to July 1, 1999, the date when services were first rendered and approval for employment going forward thereafter. The United States Trustee does not object to LLS as counsel for the Committee but only objects to the portion of the Application which seeks nunc pro tunc approval, given the fact that the Bankruptcy Code contemplates employment applications prior to the start of representation. At the time that this matter came before the Court, LLS's final fee application had already been filed and LLS indicated its willingness to accept that portion of the fees accrued after the employment application was filed in full satisfaction of its fees. This Court has already approved such fees. The United States Trustee rightfully points that it is still entitled to a ruling on the issue of whether or not LLS was proper in delaying it's filing of an employment application for two and one-half months following the inception of it's representation. The matter came before the Court pursuant to regular setting and, after trial, was taken under advisement. This opinion constitutes the Court's findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and disposes of all issues before this Court.

### DISCUSSION

LLS' Application states that its Application was not filed sooner because counsel was forced into working on substantial matters requiring its immediate attention. The United States Trustee ("UST") argues that given LLS' experience and expertise in the area of bankruptcy law and given the numerous written and other reminders the UST provided to LLS to file its Application, for this Court to grant nunc pro tunc approval would not enforce the intent of the Bankruptcy Code and Bankruptcy Rules. The UST accurately points out that it would be detrimental to the Committee to require new counsel, but that "law firms should not elicit conflict waivers by waiting to the end of the case to seek employment approval." This Court agrees.

██ The bankruptcy court has discretion, as a court of equity, to approve em-

ployment *nunc pro tunc. In re Triangle Chemicals,* 697 F.2d 1280 (5th Cir.1983). However, such approval should not be granted without regard to the circumstances, facts and equities in the case or with such *carte blanche* as to render the procedural requirements of the Bankruptcy Code and Bankruptcy Rules meaningless formalities. Clear equitable principles govern exercise of its jurisdiction. In *Matter of Triangle Chemicals, Inc.,* 697 F.2d 1280, 1289 (5th Cir.1983), the court held "where through oversight the attorney has neglected to obtain ... prior approval but has continued to perform services for the debtor/debtor in possession (many of them as here under the eye of the court itself), the bankruptcy court retains equitable power in the exercise of its sound discretion, under **exceptional circumstances,** [emphasis added here] to grant such approval *nunc pro tunc,* upon proper showing, and to award compensation for all or part of the services performed by such attorney that have subsequently benefitted the debtor's estate and, consequently, its creditors." See also *In the Matter of Inter Urban Broadcasting of St. Louis, Inc.,* 174 B.R. 441, 448 ( E.D.La. 1994) [in which a broker depended upon debtor's counsel to obtain approval of employment and was not made aware of the limitations upon employment until a final order was entered]; *In Matter of Briscoe Enterprises, Ltd., II,* 994 F.2d 1160, 1170 (5th Cir.1993)[debtor's hiring of appraiser, architect and marketing consultant without court's prior approval excusable given original counsel had been recused and replacement counsel had not been obtained]. The facts of the case at bar bear out that the activities in this case during the period from LLS's retention in July, 1999 through September 16, 1999 simply do not fall under the rubric "exceptional" so as to qualify LLS for *nunc pro tunc* employment. LLS is a well established law firm and a

well-staffed one. (*See Joint Stipulations of Fact and Evidence For Hearing on Application, pp. 2–3, Number 3.*) The parties stipulated to the fact that LLS' "attorneys are widely experienced in the area of debtor-creditor rights." (*Ibid, p. 1, Number 2.*) There has been no demonstration that the neglect was excusable, especially in light of the prompts from the UST's office which LLS neither disputed nor contradicted at trial. See also, *In re Arkansas Co., Inc.,* 798 F.2d 645 (3rd Cir.1986) regarding "extraordinary circumstances" test.

### CONCLUSION

Based upon the foregoing, this Court must DENY the relief requested in the Application filed by LLS as to the *nunc pro tunc* relief, but approves LLS' employment by the Committee otherwise, as of the date of the filing of the Application to Employ, being September 16, 1999. No legal fees that accrued prior to September 16, 1999, will be approved. An order will be entered accordingly.