**In the Matter of David Lawrence ALLEN, Debtor.**

**Bankruptcy No. 80–02912A.**

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

Jan. 20, 1981.

Roger W. Moister, Jr., pro se.

Timothy A. Siler and James D. Hollingsworth, Siler & Hollingsworth, P. C., Decatur, Ga., for debtor.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

The Court has before it the Application of Roger W. Moister, Trustee in the converted Chapter 7 case, to have himself appointed attorney for said Trustee, nunc pro tunc. Said application is contested by the debtor.

The debtor filed an original Chapter 7 petition in this Court in late 1980 and attorney Roger W. Moister was appointed as Interim Trustee and he subsequently became the permanent Trustee after the first meeting of creditors.

After investigating into the assets of the estate said Trustee determined that the debtor had seriously undervalued certain real estate he owned in the Washington D.C. area. In fact, the value as reported by a local real estate firm was such that all creditors of the estate would be paid in full if said value was realized by sale of the property.

After the debtor was advised of these facts he immediately petitioned the court to convert the pending Chapter 7 to a Chapter 13 wage earner plan. Over objection of the Trustee this court ruled that the debtor had the right to so convert.

Attorney Roger W. Moister now seeks to be named as attorney for the trustee because he claims that several hours of legal work were expended in uncovering assets of the estate for which he should be compensated as an attorney. Also, he requests compensation as trustee in addition to the amount provided by 11 U.S.C. § 330(b) for services that benefited the estate as per 11 U.S.C. § 330(a)(1).

Based on the evidence introduced at a hearing held in open court it is the opinion of the Court that Trustee Roger W. Moister did perform services beyond those contemplated by 11 U.S.C. § 330(b) and he should be compensated in an additional amount $130.00 for such services so that his total compensation for services as Trustee shall be $150.00.

With respect to the motion to appoint Roger W. Moister nunc pro tunc as attorney for Trustee the Court concludes without deciding the time involved or the value thereof that Roger W. Moister did perform valuable legal services that benefited the creditors of this estate so that

what appeared to be a no-asset Chapter 7 has been converted to a Chapter 13 plan which contemplates a 100% pay-out to unsecured creditors. Therefore it is ORDERED that said motion be and is hereby granted.

By way of explanation this Court believes that the proper procedure in the now pending Chapter 13 case will be for the attorney for trustee in the Chapter 7 case to file a proof of claim for the value of the legal fees he seeks and submit any objection by the debtor to the Chapter 13 court.