In re Kenneth M. JOHNSON, SS#: 245–84–3345, Carolyn S. Johnson, SS#: 245–88–4883, Debtors.

In re David G. JOHNSON, SS#: 246–94–9461, Debtor.

Nos. 84–01383–S05, 84–01384–S05.

United States Bankruptcy Court, E.D. North Carolina.

April 2, 1987.

Richard D. Sparkman, Angier, N.C., for debtors Johnson.

David W. Boone, Raleigh, N.C., for trustee.

David E. Fox, Durham, N.C., for Reliance.

Stephen A. Chaplin, Richmond, Va., for United Leasing Broad Street Law Bldg.

## MEMORANDUM OPINION AND ORDER

A. THOMAS SMALL, Bankruptcy Judge.

The matters before the court are two motions for administrative expenses filed on January 28, 1987, by Reliance Insurance Company ("Reliance") seeking compensation for the legal fees and expenses it incurred in successfully pursuing a fraudulent conveyance action in the chapter 7 case of Kenneth M. Johnson and Carolyn S. Johnson and in successfully pursuing an objection to discharge in David G. Johnson's chapter 7 case. Reliance was an unsecured creditor in both of these cases. Objections to the compensation sought by Reliance have been filed by David W. Boone, the trustee in both cases, and by United Leasing Corporation, another creditor in both cases. A hearing was held in Raleigh, North Carolina, on March 2, 1987.

Kenneth and Carolyn Johnson filed a joint voluntary petition under chapter 13 of

the Bankruptcy Code on September 17, 1984, and the case was subsequently converted to one under chapter 7 on June 6, 1985. The debtors' original petition indicated that they had virtually no non-exempt unencumbered assets, and the debtors' plan proposed payments of $200.00 a month which would have resulted in unsecured creditors receiving, at best, a very small percentage of the amount of their claims.

After the debtors filed their petition, Reliance commenced an investigation of the debtors' financial affairs which included àn examination of debtor Kenneth Johnson by Reliance pursuant to Bankruptcy Rule 2004. Based on information obtained from its investigation, Reliance filed a complaint on May 13, 1985, seeking to set aside as a fraudulent conveyance a transfer of the debtors' marital home made on August 14, 1984. On September 24, 1985, this court entered a judgment finding that the transfer in question was a fraudulent conveyance, reserving for future determination the relief to be granted. This court also ordered that the chapter 7 trustee, who was appointed on June 7, 1985, after the case was converted, be added as a plaintiff to the action. On February 17, 1986, a consent judgment was entered requiring the transfer of the property in question to the chapter 7 trustee for the benefit of the debtors' estate. The property was subsequently sold for $112,000.00 and, after part of the proceeds were used to pay off a mortgage on the property, approximately $80,000.00 remained for payment of administrative expenses and distribution to unsecured creditors. Had it not been for the recovery of the fraudulently conveyed property, there would have been no assets available for unsecured creditors.

There is no evidence that the chapter 13 trustee had taken any steps that would have led to the discovery of the viable fraudulent conveyance action. The court finds that, were it not for the investigation undertaken by Reliance, it is very possible that the fraudulently conveyed property would have never been recovered.

Reliance seeks an administrative expense award of $9,255.00 for attorney fees and $1,049.20 for expenses incurred in pursuing the successful fraudulent conveyance action.

David G. Johnson filed a voluntary petition under chapter 13 of the Bankruptcy Code on September 17, 1984, and the case was subsequently converted to one under chapter 7 on June 6, 1985. Reliance filed a complaint objecting to the debtor's discharge on October 11, 1985, after having conducted an examination of the debtor pursuant to Bankruptcy Rule 2004. On January 22, 1986, this court entered an order denying David Johnson's discharge based on the debtor's failure to list in his schedule of assets a 1979 Ford Thunderbird which he owned and his failure to disclose several prepetition transfers of property. The only property which Reliance contends has been recovered for the benefit of the estate as a result of its efforts in objecting to the debtor's discharge is the 1979 Thunderbird. Reliance contends that it undertook the investigation of the debtor's financial affairs and filed the objection to discharge because the trustee had shown little inclination to do so. According to Reliance, were it not for its initiative, the debtor's discharge would never have been denied.

Reliance asks this court to award it an administrative expense of $3,805.00 for legal fees and $353.36 for expenses it incurred in bringing its successful objection to David G. Johnson's discharge.

Reliance contends that it is entitled to be compensated for its legal fees and expenses in both cases pursuant to 11 U.S.C. §§ 503(b)(3)(B) and 503(b)(4) which read as follows:

> After notice and a. hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
>
> ....
>
> (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—
>
> ....
>
> (B) a creditor that recovers, after the court's approval, for the benefit of

the estate any property transferred or concealed by the debtor;

. . . .

(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

■■■■ For both 11 U.S.C. § 503(b)(3)(B) and (b)(4), a creditor may be awarded compensation only if it had first obtained court approval to undertake the activity for which compensation is being sought. *Matter of Romano*, 52 B.R. 590 (Bankr.M.D. Fla.1985); *Matter of Spencer*, 35 B.R. 280 (Bankr.N.D.Ga.1983); *Matter of Casale*, 27 B.R. 69 (Bankr.E.D.N.Y.1983). In all three of the above cited cases, a creditor was denied fees and expenses incurred in blocking the debtor's discharge because of the failure to obtain prior court approval to challenge the discharge. The reason for a rule prohibiting compensation for unauthorized services is to enable the court to maintain control of costs and to insure that estate assets are not wasted. *In re Sapolin Paints, Inc.*, 38 B.R. 807, 817 (Bankr.E. D.N.Y.1984). Duplication of services between a creditor and the trustee or a creditors' committee is to be avoided. *See In re Kentucky Threaded Products, Inc.*, 49 B.R. 118 (Bankr.W.D.Ky.1985). By asking for prior approval to bring a complaint, a creditor provides the trustee with an opportunity to indicate whether he is willing and able to pursue the action in .question.

In the present case, Reliance did not obtain prior court approval to bring its complaint to recover the fraudulent conveyance for the benefit of the estate of Kenneth and Carolyn Johnson, nor did it have the approval of this court to object to David Johnson's discharge.

■■■ Many courts, including this one, have held that compensation may be awarded in the absence of prior court approval through the entry of a *nunc pro tunc* order approving the activity for which compensation is sought. *In re Carolina Sales Corp.*, 45 B.R. 750 (Bankr.E.D.N.C. 1985); *Matter of Triangle Chemicals*, 697 F.2d 1280 (5th Cir.1983). *See especially In re Rumpza*, 54 B.R. 107 (Bankr.D.S.D. 1985) and *In re George*, 23 B.R. 686 (Bankr.S.D.Fla.1982), in which compensation for legal fees incurred in objecting to the debtor's discharge was awarded despite the creditor's failure to obtain prior court approval to bring the action. However, *nunc pro tunc* approval should be given only in extraordinary circumstances. *Carolina Sales*, 45 B.R. at 753; *Triangle Chemicals*, 697 F.2d at 1289; *In re Kentucky Threaded Products*, 49 B.R. 118, 119–120 (Bankr.W.D.Ky.1985). In *Carolina Sales*, this court cited as examples of such exceptional circumstances the preservation by the attorney seeking compensation of some five to six hundred thousand dollars for the debtor's estate, *Triangle Chemicals*, and the transformation by the attorney seeking compensation of a no-asset chapter 7 case into a chapter 13 plan with a 100% payout to unsecured creditors, *Matter of Allen*, 8 B.R. 221 (Bankr.N.D.Ga. 1981).

■■■ The fraudulent conveyance action instituted by Reliance in Kenneth and Carolyn Johnson's case resulted in the recovery for the benefit of the estate of approximately $80,000, a recovery that might very well not have occurred without Reliance's initiative. The court holds that these facts constitute extraordinary circumstances which justify *nunc pro tunc* approval of the commencement of the fraudulent conveyance action and the allowance of attorney fees and expenses incurred by Reliance in bringing that action.

■■■ No such exceptional circumstances exist with respect to the objection to David Johnson's discharge since the only property which Reliance contends has been recovered for the benefit of the estate, a 1979 automobile, is not of significant value, especially in comparison with the $4,158.36 compensation sought by Reliance. The

court will not give *nunc pro tunc* approval to Reliance's actions in obtaining a denial of the debtor's discharge merely because that denial might prove to be beneficial to the debtor's creditors in the future.[1] Reliance's motion for administrative expenses in David Johnson's case is denied.

■ This court must next determine the amount of the reasonable fees and expenses incurred by Reliance in pursuing the fraudulent conveyance action in the case of Kenneth and Carolyn Johnson. The burden of establishing the reasonableness of a request for legal fees and expenses made under 11 U.S.C. § 503 rests with the party making the request. *In re B & W Tractor Co.*, 38 B.R. 613 (Bankr.E.D.N.C.1984); *In re Rosen*, 25 B.R. 81 (Bankr.D.S.C.1982). A detailed statement of services rendered, time expended, expenses incurred, and amounts requested must accompany an application for fees so that the court may make an informed determination as to the reasonableness of the compensation requested. *In re Watson Seafood & Poultry Co.*, 40 B.R. 436, 443 (Bankr.E.D.N.C.1984); *In re Horn & Hardart Baking Co.*, 30 B.R. 938 (Bankr.E.D.Pa.1983); *In re Idak Corp.*, 26 B.R. 793 (Bankr.D.Mass.1982). The court should not be required to indulge in guesswork, nor undertake extensive labor to justify a fee for an attorney who has not done so himself. *Horn & Hardart Baking Co.*, 30 B.R. at 944.

In the present case, Reliance has included in its verified motion for administrative expenses a printout showing itemized time billings for the legal services rendered on its behalf. Not all of these services related to the Kenneth and Carolyn Johnson bankruptcy; those that did are highlighted. Reliance acknowledges that many of the legal services performed with respect to that bankruptcy had no connection to the fraud-ulent conveyance action; compensation is requested only for those activities directly related to or impacting on the fraudulent conveyance action.

■ Reliance's fee application has been organized by dividing the chronology of the fraudulent conveyance action into eight separate time segments. For each of these segments, Reliance sets forth the itemized charges for the legal services related to the bankruptcy; Reliance then states for each segment the total amount of compensation it seeks for services specifically related to the fraudulent conveyance action. However, because Reliance has failed to specify which of the itemized time billings it considers related to the fraudulent conveyance action, this court cannot identify the exact legal activities for which Reliance seeks compensation. While it is clear that Reliance is entitled to some compensation for the legal costs it incurred in pursuing the fraudulent conveyance action, any uncertainty as to the amount of compensation which should be awarded resulting from inadequacies in Reliance's application has been resolved against Reliance.

■ It appears to the court that compensation is being sought for time spent by two attorneys from the law firm representing Reliance attending the same creditors' meeting, conference, hearing or deposition on October 29 and November 1, 1984, and January 16, September 5, 12, and 13, and October 11, 14, and 15, 1985. More than one fee will not be allowed for such duplicative services, at least absent an explanation why it was essential that more than one member of the firm attend the proceeding. *See In re Jensen-Farley Pictures, Inc.*, 47 B.R. 557, 583 (Bankr.D.Utah 1985); *Watson Seafood & Poultry Co.*, 40 B.R. at 443. It appears to the court that the amount claimed for duplicative services is

---

1. There is a question as to whether a successful objection to discharge constitutes a recovery of property for the benefit of the estate within the meaning of 11 U.S.C. § 503(b)(3)(B) so as to ever permit compensation to a creditor who obtains a denial of discharge. *See In re George*, 23 B.R. 686 (Bankr.S.D.Fla.1982). One court has recently held that no compensation for ser-vices rendered may be awarded unless specifically authorized by the Bankruptcy Code. *In re Beck-Rumbaugh Associates, Inc.*, 68 B.R. 882 (Bankr.E.D.Pa.1987). This question need not be addressed today in view of this court's decision not to give *nunc pro tunc* approval to Reliance's objection to discharge action.

$1,575.00 and the award will be reduced accordingly.[2]

■ The court will also reduce the amount awarded by $655.00 for compensation apparently sought for time spent on January 10, April 15 and 16, May 2, and October 3 and 4, 1985, on activities not directly related to the fraudulent conveyance action.[3]

■ Finally, the court will disallow Reliance's request for compensation of $989.20 for expenses incurred in conducting the Rule 2004 examinations of Kenneth and Carolyn Johnson because no statement as to the exact nature of those expenses has been provided.

In sum, this court will disallow $2,230.00 of the $9,255.00 compensation requested by Reliance for the legal fees it incurred in pursuing its fraudulent conveyance action in the chapter 7 case of Kenneth and Carolyn Johnson and it will disallow $989.20 of the $1,049.20 requested as compensation for other expenses incurred in connection with that same action. Reliance will be permitted, if it wishes, to resubmit an application for compensation which provides more detailed information with respect to its claims for fees and expenses which are being denied in the case of Kenneth and Carolyn Johnson. Accordingly,

IT IS HEREBY ORDERED that Reliance Insurance Company's motion for administrative expenses in the case of David G. Johnson is DENIED; and

IT IS FURTHER ORDERED that Reliance Insurance Company's motion for administrative expenses pursuant to 11 U.S.C. § 503(b)(3)(B) and (b)(4) in the case of Kenneth M. Johnson and Carolyn S. Johnson is ALLOWED in the amount of $7,085.00; and

IT IS FURTHER ORDERED that this order is entered without prejudice to the right of Reliance Insurance Company to resubmit an application for compensation which provides more detailed information with respect to its claims for fees and expenses which have been denied in the case of Kenneth M. Johnson and Carolyn S. Johnson.

---

2. In determining the amount to be disallowed, this court has followed the rule that, when a noncompensable service is "lumped" together with a compensable service under one time entry and it cannot be determined how much time was allocated to each task, the entire request for that entry will be denied. *See Jensen-Farley Pictures, Inc.,* 47 B.R. at 583, n. 29; *Cohen & Thiros, P.C. v. Keen Enterprises, Inc.,* 44 B.R. 570, 573 (N.D.Ind.1984); *Watson Seafood & Poultry Co.,* 40 B.R. at 443.

3. To the extent that Reliance did ask for compensation for time spent on activities unrelated to the fraudulent conveyance action, this court believes that Reliance did so inadvertently.