**In the Matter of Barbara Jean H. RAY, Debtor.**

**Barbara Jean H. RAY, Plaintiff,**

v.

**Robert F. RAY, William M. Ray, Sheila R. Rosencrantz, Thomas T. Irvin, Johnny M. Irvin and Ray Farms, Inc., Defendants.**

**Bankruptcy No. 85–50764.**
**Adv. No. 86–5008.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

May 13, 1987.

and certain personal property in which she is a co-owner sold free of Defendants' interests as allowed under section 363(h) of the Bankruptcy Code.[1] Robert F. Ray, Defendant, filed an answer to Plaintiff's complaint on March 7, 1986. The other defendants in this adversary proceeding have not filed an answer and are therefore in default.[2]

The complaint came on for trial on October 8, 1986. The Court, having considered the evidence and testimony presented at trial, now publishes its findings of fact and conclusions of law.

## FINDINGS OF FACT

Pursuant to the "Final Judgment and Decree" of the Superior Court Judge, Macon Judicial Circuit, Plaintiff and Defendant were granted a divorce, and their property was divided. The terms of the final judgment and decree, in part, provide that:

## FINAL JUDGMENT AND DECREE

. . . .

We the Jury, do grant that all property (real, personal, and cash) be divided equally (50%) between the plaintiff and the defendant, with the exception of Plaintiff's Exhibit #31. We, the jury, declare this document be changed to a trust fund for Adam Scott Ray.

. . . .

1.

That by stipulation of counsel during the trial of the case, all property accumulated during the term of the marriage, real estate; personal property; and cash; are found to be subject to division between the parties. Pursuant to the verdict of the Jury said property is to be equally divided (50%) between the Plaintiff and Defendant. It is the purpose and intent of this Judgment and Decree to equally divide all property owned by

James N. Geiger, Perry, Ga., and R. Avon Buice, Warner Robins, Ga., for plaintiff/debtor.

Garland T. Byrd, Butler, Ga., and James C. Marshall, Macon, Ga., for Robert F. Ray.

John T. McGoldrick, Jr., Macon, Ga., for Citizens Bank.

ROBERT F. HERSHNER, Jr., Chief Judge.

## STATEMENT OF THE CASE

On May 31, 1985, Barbara Jean H. Ray, Debtor, filed a petition for relief under Chapter 11 of the Bankruptcy Code. On February 5, 1986, Barbara Jean H. Ray, Plaintiff, filed a "Complaint to Sell Free of Interests of Co-Owners" against Robert F. Ray, William M. Ray, Sheila R. Rosencrantz, Thomas T. Irvin, Johnny M. Irvin, and Ray Farms, Inc., Defendants. Plaintiff seeks to have certain parcels of land

---

1. 11 U.S.C.A. § 363(h) (West 1979 & Supp.1987).

2. R.Bankr.P. 7012(a) requires a defendant to file an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court. Because the other de-fendants did not file an answer within this 30–day period, they are in default under R.Bankr.P. 7055, which makes Fed.R.Civ.P. 55 applicable in bankruptcy adversary proceedings.

the parties on the date of the verdict, same being February 2, 1984.

The superior court, to implement the final judgment and decree, ordered Plaintiff and Defendant to convey to each other a one-half undivided interest in and to certain property, including parcels of land and personal property. The parties complied with the order.

Defendant and his family have farmed the land at issue in this adversary proceeding for many years. Most of the parcels of land are encumbered by liens, which attached before the divorce. One parcel of land, of approximately 66 acres in Bibb County, Georgia, is the only parcel that is unencumbered.

At trial, Defendant, Benjamin Hudson, Jr., and J.W. Poole testified concerning the amount that the land would bring if it were sold free of co-owner interests.[3] After carefully considering the testimony given by each of the witnesses, the Court concludes that the amounts set forth below accurately reflect what the land would realistically bring if sold free of co-owner interests.

Plaintiff and Defendant each own a 50% interest in approximately 85 acres in Peach County, Georgia. A portion of the land is leased until 1995, for the purpose of growing peaches. All of the witnesses testified that such leases generally diminish the sale price of land. Defendant stated that this land, if not subject to the peach lease, would bring approximately $68,000. Mr. Hudson stated that the sale of the land would probably bring between $78,000 and $114,500. Mr. Poole stated that the land would bring between $29,750 and $34,000. After taking the peach lease into account, the Court determines that the land would bring approximately $34,000.

Plaintiff and Defendant also each own a 50% interest in approximately 90 acres in Crawford County, Georgia, on which two houses are located. This land also has a peach lease on it. An abandoned county road runs through the land, and if this road were used in the event that the land was subdivided, Mr. Poole testified that Craw-

ford County would require the developer to bear the expense of blacktopping the road. The land has areas that are periodically covered under water, and thus the sale price of the land would be diminished. Defendant valued the land, including the houses, at approximately $73,000; Mr. Poole valued them at approximately $98,000; and Mr. Hudson valued them between $166,400 and $206,400. The Court notes that in arriving at his estimate, Mr. Poole failed to take into account the peach lease. After taking into account the effect of the peach lease, the abandoned county road, and the water problem, the Court is persuaded that the land would sell for approximately $92,000.

Plaintiff and Defendant each own a 50% interest in three additional parcels of land in Crawford County, Georgia. The first parcel of land is approximately 182 acres. Approximately 30 acres of this land consists of a pecan orchard, with the remaining acreage consisting of lowland and crop land. Most of this land is not fronted by a road and is a considerable distance from any access. Defendant valued this land between $101,000 and $109,000; Mr. Hudson valued it between $147,600 and $199,500; and Mr. Poole valued it at approximately $137,086. In arriving at his estimate, Mr. Hudson erroneously assumed that there was 60 acres of pecan orchards instead of 30 acres. Mr. Poole testified that splitting up this land will not increase its value because the land is suited for use as farmland. All of the witnesses testified that farmland in the area has had difficulty in selling. The Court is persuaded that the land, if sold, would sell for approximately $135,000.

The second tract of land in Crawford County consists of approximately 33 acres and is timberland and open land. Defendant testified that this is the worst tract of all the land. The land has not been subdivided and only 500 feet of the land has road frontage on a dirt road. Mr. Poole testified that if subdivided, the developer of this tract would be required to bear the expense

---

**3.** Mr. Hudson is an auctioneer, and Mr. Poole is an appraiser.

of blacktopping the road. Defendant and Mr. Hudson estimated that if sold, the land would sell for between $18,000 and $25,000. Mr. Poole estimated that this land would sell for approximately $14,907. The Court determines that this land would sell for around $19,000.

The third tract of land in Crawford County consists of approximately 24 acres of open field. This land is suitable for farming. Defendant estimated that this land would sell for approximately $17,000. Mr. Hudson estimated that this land would sell for between $17,500 and $25,000, and Mr. Poole estimated that it would sell for approximately $17,500 if bought as one parcel. The Court finds that the land would sell for approximately $18,000.

Plaintiff and Defendant each own a 25 percent interest in 0.344 acres in Crawford County and grain bins located on that land. Ray Farms, Inc. owns the remaining 50% interest in the land and grain bins. Defendant and Mr. Hudson estimated that this land and the grain bins would bring between $10,000 and $15,000 if sold. Mr. Poole estimated that it would bring approximately $16,336. The Court concludes that the sale price would be $15,000.

Plaintiff and Defendant each own a 37.5% interest in approximately 18 acres of land located in Bibb County, Georgia.[4] Sheila Helen Ray Rosencrantz and William M. Ray own the other 25% interest in this land. Mr. Hudson estimated that the sale of Plaintiff and Defendant's 75% interest in the land would bring between $35,000 and $47,250. If sold free of the other co-owner interests, he estimated that the sale price would increase. Defendant estimated that if the land was sold free of co-owner interests, it could bring as much as $100,000. The Court concludes that the land would sell for approximately $75,000.

Lastly, Plaintiff and Defendant each own a 25% interest in approximately 66 acres of land also located in Bibb County. Thomas T. Irvin and Johnny M. Irvin each own a 25% interest in this land. This land is the only land which is unencumbered. Defendant estimated that this land would sell for approximately $60,000 if sold free of all co-owner interests. Mr. Hudson estimated that the sale of Plaintiff and Defendant's 50% interest in the land would bring between $31,500 and $47,500. The Court is persuaded this land would sell for approximately $60,000 if sold free of all co-owner interests.

Plaintiff and Defendant each also own a 50% interest in certain farm equipment, antique cars, and Ray Auto's. In the testimony presented at trial, it was estimated that, if sold, the farm equipment would bring approximately $74,285; the antique cars approximately $11,000; and Ray Auto's approximately $7,700. The Court is persuaded that these amounts accurately reflect what this property would sell for and adopts these amounts. The Court notes that one of the automobiles included in the automobiles valued at Ray Auto's belongs to Plaintiff.

Mr. Hudson testified that if the items were sold at auction, an 8% commission would be taken for the sale of the land and a 10% commission would be taken for the sale of the personal property. Defendant testified that his total debts are approximately $571,000.[5] Defendant testified that his debts are secured by liens against the property Plaintiff seeks to sell free of co-owner interests. He testified that several of these liens overlap against various parcels of land. He further testified that if the land were sold, he would be forced to quit farming and his finances would be adversely affected.

Defendant testified that the following persons and entities hold liens against the land. Patsy Hilliard and the Citizens Bank

---

4. Mr. Poole did not make an estimate of the sale price for the land located in Bibb County.

5. Defendant testified that he owes the Citizens Bank approximately $139,000, the Small Business Administration approximately $125,500, the Farmers Home Administration approximately $249,500, Patsy Hilliard approximately $38,-900, the Thelma Ray Estate approximately $13,-000, and Frederica Courtney approximately $4,700. Plaintiff's counsel disputes the amount Defendant asserts as his debt. Plaintiff, however, presented no evidence to demonstrate that Defendant's testimony was in error.

hold liens against the 85 acres in Peach County. The Thelma Ray Estate and the Citizens Bank hold liens against the 90 acres in Crawford County, which includes the two houses. The Small Business Administration, the Citizens Bank, and the Farmers Home Administration hold liens against the 182 acres, 33 acres, and 24 acres in Crawford County. The Citizens Bank holds a lien against the 0.344 acre parcel on which the grain bins are located. Commodity Credit Corporation holds a security interest in the grain bins. The 18 acres in Bibb County have liens against it held by Frederica Courtney and the Citizens Bank. While the 66 acres of land in Bibb County are unencumbered, the Court notes the testimony of Defendant in which he states that the Citizens Bank claims a lien against all of Defendant's property.

### CONCLUSIONS OF LAW

Plaintiff asserts that under the final judgment and decree, she became a tenant in common with Defendant, holding a 50% interest in various parcels of land located in Peach, Crawford, and Bibb Counties, as well as various items of personal property. After reviewing the final judgment and decree, the Court concludes that Plaintiff and Defendant are tenants in common, with each holding a 50% interest in most of the property at issue in this adversary proceeding. *See* O.C.G.A. § 44-6-120 (1982). *See also* G. Pindar, *Georgia Real Estate Law and Procedure* § 7–77 (2d ed. 1979).

Due to her inability to satisfy her debts, Plaintiff asserts that the various parcels of land and the personal property in which Plaintiff has an interest should be sold pursuant to section 363(h) of the Bankruptcy Code. Section 363(h) provides:

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of

the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C.A. § 363(h) (West 1979 & Supp. 1987). Before the Court can authorize a sale under section 363(h), Plaintiff must meet all of its requirements.[6] *Kepler v. Atkinson (In re Atkinson)*, 63 B.R. 266, 270–71 (Bankr.W.D.Wis.1986). *See also* 2 *Collier on Bankruptcy* ¶ 363.09 (15th ed. 1987). It is undisputed that none of the property is used for any of the purposes set forth in section 363(h)(4). The Court thus finds that this requirement has been satisfied.

The Court will first examine the requirements under section 363(h) with respect to the land located in Crawford, Peach, and Bibb Counties. Section 363(h)(1) requires Plaintiff to show that partition in kind of the land between the co-owners is impracticable. The Court concludes that Plaintiff has satisfied this requirement. The evidence shows that the parcels of land are substantially encumbered and have overlapping liens. The parcels of land also are of diverse terrain, including lowlands, orchards, open land, and timberland, and thus have different values. One parcel has two houses, and another one has grain bins. A

**6.** Section 1107(a) of the Bankruptcy Code states that a debtor in possession under Chapter 11 shall have all of the rights and powers and perform all of the functions and duties of a trustee serving under Chapter 11. 11 U.S.C.A. § 1107(a) (West Supp.1987). Accordingly, Plaintiff, as the debtor in possession, may seek to sell the property under section 363(h) of the Bankruptcy Code.

partition in kind of this land would thus be impracticable.

Section 363(h)(2) requires Plaintiff to prove that the sale of the bankruptcy estate's undivided interest in the land would realize significantly less for the bankruptcy estate than a sale of such land free from the interests of co-owners. Based upon the evidence presented at trial, the Court is persuaded that the market value of the bankruptcy estate's undivided interest in the land would be substantially less than if sold free of co-owner interests. By virtue of Defendant's ownership interest, he could prevent the sale of the land indefinitely. *See Morris v. Ivey (In re Ivey)*, 10 B.R. 230, 232, 7 Bankr.Ct. Dec. 562, 564, 4 Collier Bankr.Cas.2d 351, 354 (Bankr.N.D.Ga. 1981). The Court also notes that Defendant currently farms some of the land, thus precluding any other use for the portion of land he farms. Therefore, the Court finds that the second requirement has been met.

Section 363(h)(3) requires Plaintiff to show that the benefit to the bankruptcy estate of the proposed sale outweighs the detriment to any co-owners. Plaintiff asserts that the bankruptcy estate would be benefited by the sale of the land because the money received from the sale of the land could be applied against her debts. This, however, would be true only if the price for which the land sold exceeded the liens against the land. Plaintiff's bankruptcy estate also would only be entitled to receive the percentage of the total sale price that would equal her interest in the land. Based upon the amounts the Court has determined that the land would realistically sell for, which is approximately $448,000,[7] the Court is persuaded that the liens against land of approximately $571,000 would not be satisfied. The Court is persuaded that even under the best market conditions, the sale price for the land might be sufficient to satisfy the liens, but there would not be a substantial recovery for Plaintiff's creditors. *Compare Zoltanski v. Brown (In re Brown)*, 33 B.R. 219, 223, 11 Bankr.Ct. Dec. 195, 198 (Bankr.N.D. Ohio 1983).

Whatever minimal benefit the sale of the land might result in for Plaintiff's bankruptcy estate, the Court believes that the resulting detriment to Defendant on the facts before the Court, greatly outweighs that benefit. Defendant and his family have farmed this land for many years, with farming being a source of their income. *Compare In re Atkinson*, 63 B.R. at 270–71 (court found that section 363(h)(3) had been satisfied because land was vacant farmland and not property upon which the defendant's livelihood depended). Defendant testified that if the land were sold, he would be forced to quit farming and his finances would be adversely affected. Balancing these considerations, the Court concludes that Plaintiff has not carried her burden of proof on this requirement.

The Court finds it unnecessary to address the first two requirements of section 363(h) with respect to the personal property because the Court concludes that Plaintiff has also not carried her burden of proof under section 363(h)(3) regarding the sale of the personal property. Because the farm equipment is used for farming, the Court holds that it is essential for Defendant to have its use to farm. The Court also notes that the grain bins are necessary fixtures in the operation of Defendant's farming and that Commodity Credit has a security interest in the grain bins. Thus, the detriment to Defendant outweighs any benefit that Plaintiff's bankruptcy estate would receive from such a sale. The Court concludes that the remaining property should not be sold under this section because it is incidental to the sale of the other property, and from the evidence presented to the Court, the Court is persuaded that the sale price and benefit to Plaintiff's bankruptcy estate would be minimal.

An order in accordance with this opinion is attached hereto.

---

**7.** The Court notes that the $448,000 represents the gross amount before the sales commission of 8% is deducted.

## ORDER

Based upon the attached and foregoing findings of fact and conclusions of law; it is

ORDERED that the relief sought by Barbara Jean H. Ray, Plaintiff, in her "Complaint to Sell Free of Interests of Co-Owners" filed on February 5, 1986, is hereby denied; and it is further

ORDERED that this order be entered on the docket on the date set out below.