**In re Kenneth H. McCOY and Rose J. McCoy.**

**John J. HUNTER, Trustee, Plaintiff,**

v.

**Vivian R. Anderson LEVESQUE, Defendant.**

**Bankruptcy No. 87–00149. Adv. No. 88–0138.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Oct. 13, 1988.

John J. Hunter, Toledo, Ohio, Trustee.

Arnold N. Gottlieb, Toledo, Ohio, for defendant.

## OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND DISMISSING COMPLAINT

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon plaintiff/trustee's motion for summary judgment of his complaint to sell property pursuant to 11 U.S.C. § 363 and defendant's memorandum in opposition thereto. Upon consideration thereof, the court finds

that plaintiff's motion should be denied and his complaint, dismissed.

## FACTS

Debtors filed their voluntary petition under chapter 7 of title 11 on January 27, 1987. Prior thereto, Debtors transferred their interest in the real estate in issue, to Jacqueline Anderson, a mentally incompetent person of whose estate defendant has been appointed the legal guardian. Plaintiff, trustee of Debtor's estate, in a related adversary, filed a complaint to avoid this transfer. See Complaint, *Hunter v. Anderson*, (Adv. No. 87–0270, Nov. 19, 1987). That transfer was avoided pursuant to this court's April 20, 1988 opinion and order granting motion for summary judgment. The trustee filed the instant complaint against defendant, guardian of the estate of Jacqueline Anderson, to sell the property pursuant to § 363(h).

Plaintiff, on June 17, 1988, filed the instant motion for summary judgment, accompanied by an affidavit of a real estate broker opining that the sale of a ½ interest in the real estate in issue is impracticable and that the sale would realize significantly less than ½ of the value of the whole property. Defendant, in her memorandum in opposition, and affidavit attached thereto, contends that the emotional and financial detriment of Ms. Anderson outweighs the benefit to the estate.

Although the parties stipulated that the motion for summary judgment should be held in abeyance pending an amicable resolution of this proceeding, plaintiff has requested disposition of the instant motion for summary judgment as a result of the withdrawal of the settlement proposal. See Stipulation (July 21, 1988) and Status Report (September 13, 1988).

## DISCUSSION

Section 363(h) governing plaintiff's complaint and motion for summary judgment provides:

> (h) ... the trustee may sell both the estate's interest ... and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety only if—
>
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

Plaintiff must prove all four elements of § 363(h) before his proposed sale can be authorized. *Matter of Ray*, 73 B.R. 544, 15 B.C.D. 1255 (Bkrtcy.M.D.Ga.1987). *See also* 2 *Collier on Bankruptcy* ¶ 363.09 at 363–36 (15th ed. 1988). Defendant states that she does not disagree with plaintiff's argument "that sale of the estate's undivided interest would realize significantly less than sale of the property free of the interest of the co-owner." Defendant's Memorandum in Opposition to Summary Judgment with Affidavit at 2 (July 12, 1988) (hereinafter Memorandum in Opposition). Thus, it appears that § 363(h)(2) has been satisfied. Furthermore, it is undisputed that the property in issue is not used in the production, transmission, or distribution, for sale, of electric energy or natural or synthetic gas for heat, light, or power. Therefore, § 363(h)(4) is also satisfied.

> In essence, it is the position of defendant that the extent and nature of each party's benefit and/or detriment needs to be weighed by the trier of fact.

Memorandum in Opposition at 2.

Section 363(h)(1) requires plaintiff to establish that partition in kind of the property among the estate and defendant is impracticable. *In Re Bell*, 80 B.R. 104, 107 (M.D.Tenn.1987); *In Re Vassilowitch*, 72

B.R. 803, 16 C.B.C.2d 1039 (Bkrtcy.D.Mass. 1987).

> Where property is a single family residence, there is no practicable manner of partition other than a sale and division of the proceeds.

*In Re Addario*, 53 B.R. 335, 338 (Bkrtcy.D. Mass.1985). The property in issue constitutes Ms. Anderson's residence and is a single family residence. Motion for Summary Judgment at 1. It appears, then, that partition is impracticable and that plaintiff has satisfied § 363(h)(1).

■ Section 363(h)(3) requires plaintiff to establish that the benefit to the estate of the proposed sale outweighs the detriment to Ms. Anderson. In balancing the estate's benefit against the co-owner's detriment, the legislative history of § 363(h) evidences congressional intent that bankruptcy courts broadly interpret "detriment" to include not only economic detriment, but also psychological, emotional and even physical detriment. *In Re Persky*, 78 B.R. 657, 665 (Bkrtcy.E.D.N.Y.1987).

■ Defendant contends that Ms. Anderson's involuntary displacement, should the proposed sale be authorized, is not in her best interest. Memorandum in Opposition at 2. In fact, defendant opines that it is in the best interest of Ms. Anderson to remain in familiar surroundings. Memorandum in Opposition, Affidavit. Plaintiff does not contest this allegation. The court finds, then, that there exists evidence of the co-owner's psychological and emotional detriment. That is,

> [w]hatever minimal benefit the sale of the land might result in for plaintiff's bankruptcy estate, the court believes that the resulting detriment to defendant on the facts before the court, greatly outweighs that benefit..

*Ray*, 73 B.R. at 549. *See also Matter of Spain*, 85 B.R. 874 (Bkrtcy.N.D.Ala.1988) (such a sale from a monetary standpoint would violate the prohibition of § 363(h)(3) but the court finds further that the psychological and emotional damage to the family by the loss of the home is also a factor to be considered); *Persky*, 78 B.R. at 667 (in weighing, as we must, the emotional and possible physical harm that may result from a forced displacement by a § 363(h) sale, this court finds that the benefit to the estate of a sale of the non-debtor's right is outweighed by the detriment to a co-owner forced to move from his long-term home). Because Ms. Anderson has been adjudicated a mentally incompetent individual, the court is persuaded that the psychological and emotional detriment suffered by Ms. Anderson as a result of her involuntary displacement, should the proposed sale be authorized, outweighs the benefit to the estate. See Memorandum in Opposition at 1.

Considering the economic detriment, the court notes that defendant contends that Ms. Anderson owns the real estate in issue "free and clear of any encumbrances" and that "the severe financial economics of requiring defendant to sell her home and rent an apartment would be unbearable upon the guardianship estate." Memorandum in Opposition at 2.

> To put it another way, non-debtors' ... right to a portion of the sales price will rarely be sufficient to purchase comparable quarters for her....

*Persky*, 78 B.R. at 665.

As previously stated, plaintiff has the burden of proving each element of his complaint and he has failed to assert any benefit to the estate resulting from the sale of the property. That is,

> [s]ince the trustee does not have a ready purchaser ... it is apparent that no possible dividend or return to creditors could be had because the cost of selling the property would wipe out creditor interest. This court is not interested in selling property just to pay the trustee or his attorneys a fee, or a commission to a real estate agent.
>
> The court finds that the administrative cost of a sale would far exceed any equity available to creditors and render a return to creditors of zero.

*Spain*, 85 B.R. at 878. *See also Ray*, 73 B.R. at 549 (the court is persuaded that even under the best market conditions, the sale price for the land might be sufficient to satisfy the liens, but there would not be

a substantial recovery for plaintiff's creditors).

Additionally, the assessed value of the property in issue, as of March 4, 1986, was $3,780.00, 35% of the true value of the property. See *Hunter v. Anderson*, Opinion and Order Granting Motion for Summary Judgment at 6 (Adv. No. 87–0270, April 20, 1988). Thus, it is apparent that the benefit to the estate, should the proposed sale be authorized, would be minimal. The court is persuaded, then, that the economic detriment to be suffered by Ms. Anderson outweighs the benefit to the estate. Ms. Anderson would suffer severe financial detriment as a result of her involuntary displacement as the proceeds realized by her upon sale would be insufficient to purchase an alternative residence. *See Persky*, 78 B.R. at 665. Furthermore, because Ms. Anderson owns the residence free and clear of encumbrances, as previously stated, the economic hardship of rental or mortgage payments outweighs the estate's benefit. Plaintiff has failed to satisfy § 363(h)(3). *But see Addario, supra* (although court authorized sale, co-owner testified that alternative living arrangements were available).

Plaintiff's motion for summary judgment should be granted if it appears that there is no genuine issue of material fact and that movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court finds that there is no genuine issue of material fact. However, plaintiff is not entitled to judgment as a matter of law; plaintiff has failed to satisfy § 363(h)(3). His motion should be denied and his complaint should be dismissed. In light of the foregoing, it is therefore

ORDERED that plaintiff's motion for summary judgment be, and it hereby is, denied. It is further

ORDERED that plaintiff's complaint be, and it hereby is, dismissed.