**In re Grace Fujino KAM, aka Grace Fujimo Kam, Debtor.**

**Bankruptcy No. 86–00266.**

United States Bankruptcy Court, D. Hawaii.

Oct. 5, 1989.

Wesley H. Ikeda, Honolulu, Hawaii, for petitioner.

Susan Tius, Honolulu, Hawaii, for respondent.

## MEMORANDUM DECISION AND ORDER RE: APPLICATION FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR PETITIONER

JON J. CHINEN, Bankruptcy Judge.

On June 30, 1989, Petitioning Creditor Edsung, Inc. dba Edsung Foodservice Company ("Petitioning Creditor") filed an Application for Interim Allowance of Compensation and Reimbursement of Expenses by Attorney for Petitioner ("Application for Compensation"), requesting total fees of $1,727.00, including Hawaii excise tax of $69.08, plus costs incurred of $331.55 for a total of $2,127.63. These fees and costs were incurred by the Petitioning Creditor and are for services performed in this involuntary chapter 7. The petition was filed on May 8, 1986 and the Order for Relief was entered on June 30, 1986.

A hearing was held on July 28, 1989, at which time the Court took the matter under advisement. The Court being advised in the premises, now renders this memorandum decision and order.

■ These fees and costs are claimed by the Petitioning Creditor for filing this involuntary petition. As noted in 3 *Collier on Bankruptcy*, 15th ed. § 503.04, petitioning creditors are entitled to attorney's fees and costs under 11 U.S.C. § 503(b)(3) and (b)(4) only up to the time that the Order for Relief is entered in a chapter 7 case. *See also In re Rockwood Computer Corp.*, 61 B.R. 961 (Bankr.Ohio 1986).

11 U.S.C. § 503 provides in part that, after notice and a hearing, there shall be allowed administrative expenses, including:

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—

(A) a creditor that files a petition under section 303 of this title;

(B) a creditor that recovers, *after the court's approval,* for the benefit of the estate any property transferred or concealed by the debtor;

. . . .

(D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a *substantial contribution in a case under chapter 9 or 11* of this title; or

. . . .

(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary

expenses incurred by such attorney or accountant; (emphasis added.)

 Petitioning Creditor cites the case of *In re Richton International Corp.*, 15 B.R. 854 (Bankr.N.Y.1981), for the proposition that it is entitled to its fees and costs in making a substantial contribution to the case. That case, however, was a chapter 11 proceeding, with a successful plan of reorganization. As *Collier on Bankruptcy* notes, petitioning creditors in chapter 11 cases are allowed their fees and costs incurred up to the time that a plan is confirmed. Petitioning Creditor also cites *In Re Rumpza*, 54 B.R. 107 (Bankr.Pa.1985) and *In Re Johnson*, 72 B.R. 115 (Bankr.N.C.1987) for the proposition that attorney's fees incurred after the Order for Relief in an Involuntary chapter 7 are allowable as an administrative expense. However, *In Re Rumpza* has been criticized in *In re Monahan*, 73 B.R. 544 (Bankr.Fla.1987) and *In Re Johnson* has not been cited by any other court. In any event, in those two cases, cited by the Petitioning Creditor, there was a clear benefit to the estate in that the petitioning creditors recovered substantial amounts of monies for the benefit of the estate. The court in *In Re Johnson* recognized that only in extraordinary circumstances should attorneys for creditors be allowed fees and costs incurred after the Order for Relief, especially when the court has not authorized their retention to act on behalf of the estate.

When there is no prior approval of the court, even though there has been clear benefit to the estate, courts have disallowed fees. *See e.g. In re Spencer*, 35 B.R. 280 (Bankr.Ga.1983).

 In this case, there was no substantial contribution to this case. Most of the services listed were for the benefit of the Petitioning Creditor and did not result in a benefit to the estate. Most of the services incurred after the Order for Relief involved correspondence with the Trustee and the attorney for the Trustee regarding various motions to sell property of the estate, appearances in Court, etc. The Court therefore finds no substantial benefit to the estate.

Based on the above,

IT IS HEREBY ORDERED that the Trustee shall pay all attorney's fees and costs incurred by the Petitioning Creditor prior to the entrance of the order of relief herein on June 30, 1986.

IT IS FURTHER ORDERED that all fees and costs incurred after June 30, 1986, be and the same are, hereby denied.